DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: ALYSSA B. O'GALLAGHER
    JESSICA F. ROSENBAUM
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822/2777
E-mail: alyssa.o'gallagher@usdoj.gov
        jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
AMERICAN CIVIL LIBERTIES UNION                               :    Case No. 24 Civ. 7444 (DLC)
FOUNDATION,                                                   :
                                                             :
                              Plaintiff,                     :    **ANSWER**
        -against-                                            :
                                                             :
UNITED STATES IMMIGRATION AND                                :
CUSTOMS ENFORCEMENT, *et al.*,                               :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X

Defendants United States Immigration and Customs Enforcement ("ICE"), United

States Department of Homeland Security ("DHS"), United States Customs and Border

Protection ("CBP"), and United States Department of Justice ("DOJ" and collectively with

ICE, DHS, and CBP, "Defendants"), by and through their attorney, Damian Williams,

United States Attorney for the Southern District of New York, answer the correspondingly

numbered paragraphs of Plaintiff American Civil Liberties Union Foundation's Complaint,

ECF No. 14, upon information and belief as follows:[1]

---

[1] Any allegations not specifically admitted, denied, or otherwise responded to below are
hereby denied. To the extent the Complaint refers to or quotes from external documents,
statutes, or other sources, Defendants may refer to such materials for their complete and
accurate contents, but such references are not intended to be, and should not be construed

1.      Paragraph 1 contains Plaintiff's characterization of this action and prayer for relief, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), and otherwise deny the allegations.

2.      The allegations in Paragraph 2 consist of factual allegations unrelated to Plaintiff's legal claims against Defendants under FOIA, to which no response is required. To the extent a response is required, Defendants admit that this action seeks the disclosure of certain information under FOIA and otherwise deny the allegations.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's organizational status. As to the remaining allegations in the first sentence of Paragraph 3, Defendants admit that Plaintiff submitted FOIA requests to Defendants dated August 7, 2024. The remaining allegations in the first sentence of Paragraph 3 purport to construe the contents of those FOIA requests and Defendants aver that the FOIA requests speak for themselves, refer the Court to the requests for a true and accurate statement of their contents, and deny any allegations inconsistent therewith. As to the second sentence of Paragraph 3, to the extent that sentence consists of legal conclusions, no response is required; as to the remaining allegations, Defendants admit that they have not yet released any records in response to Plaintiff's August 7, 2024, FOIA requests and otherwise deny the allegations.

---

as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action.

4.      The allegations in Paragraph 4 consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## JURISDICTION AND VENUE

5.       The allegations in Paragraph 5 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants admit only that this Court has jurisdiction subject to the limitations of FOIA. Defendants further aver that the cited statutes speak for themselves, refer the Court to the cited statutes for a true and accurate statement of their contents, and deny any allegations inconsistent therewith.

6.      The allegations in Paragraph 6 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendants admit only that venue is proper in this judicial district. Defendants further aver that the cited statute speaks for itself, refer the Court to the cited statute for a true and accurate statement of its contents, and deny any allegations inconsistent therewith.

## PARTIES

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE admits that it is an agency for purposes of FOIA and that it may have records responsive to Plaintiff's FOIA requests, and otherwise denies the allegations.

9.      The allegations in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, DHS admits that it is an agency

for purposes of FOIA and that Plaintiff seeks records from DHS and otherwise denies the allegations.

10.     The allegations in Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, CBP admits that it is an agency for purposes of FOIA and that Plaintiff seeks records from CBP and otherwise denies the allegations.

11.     The allegations in Paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is required, DOJ admits that it is an agency for purposes of FOIA and that Plaintiff seeks records from DOJ and otherwise denies the allegations.

## FACTUAL BACKGROUND

12.     Defendants admit that Plaintiff submitted FOIA requests to Defendants dated August 7, 2024. The remaining allegations in Paragraph 12 and its subparts consist of Plaintiff's quotation from the August 7, 2024, FOIA requests, to which no response is required. Defendants aver that the August 7, 2024, FOIA requests speak for themselves, refer the Court to the requests for a true and accurate statement of their contents, and deny any allegations inconsistent therewith.

13.     Defendants admit that Plaintiff sought a waiver of search, review, and reproduction fees in connection with each of the August 7, 2024, FOIA requests and aver that the remaining allegations in Paragraph 13 consist of legal conclusions, to which no response is required. Defendants further aver that the August 7, 2024, FOIA requests and the cited statute and regulations speak for themselves, refer the Court to the August 7, 2024,

FOIA requests and cited materials for a true and accurate statement of their contents, and deny any allegations inconsistent therewith.

14.     Defendants admit that Plaintiff sought a waiver of search and review fees in connection with each of the August 7, 2024, FOIA requests and aver that the remaining allegations in Paragraph 14 consist of legal conclusions, to which no response is required. Defendants further aver that the August 7, 2024, FOIA requests and the cited statute and regulations speak for themselves, refer the Court to the August 7, 2024, FOIA requests and cited materials for a true and accurate statement of their contents, and deny any allegations inconsistent therewith.

15.     Defendants admit that Plaintiff sought expedited processing of the August 7, 2024, FOIA requests, lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's organizational status, and aver that the remaining allegations in Paragraph 15 consist of legal conclusions, to which no response is required. Defendants further aver that the August 7, 2024, FOIA requests and the cited statute and regulations speak for themselves, refer the Court to the August 7, 2024, FOIA requests and cited materials for a true and accurate statement of their contents, and deny any allegations inconsistent therewith.

**Defendants' Responses to the FOIA Requests**

<u>United States Department of Homeland Security</u>

16.     DHS admits that on August 12, 2024, it acknowledged, by e-mail, receipt of one of Plaintiff's two FOIA requests dated August 7, 2024. DHS avers that the e-mail dated August 12, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

17.    DHS admits that on August 8, 2024, it acknowledged, by letter sent via e-mail, receipt of one of Plaintiff's two FOIA requests dated August 7, 2024. DHS avers that the letter dated August 8, 2024, speaks for itself, refers the Court to that letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

18.    DHS avers that on September 27, 2024, it sent Plaintiff an e-mail regarding one of Plaintiff's two FOIA requests, informing Plaintiff that the request had yielded a large volume of potentially responsive records and requesting that Plaintiff consider narrowing the scope of the request. DHS otherwise denies the allegations in Paragraph 18.

19.    The allegations in Paragraph 19 consist of legal conclusions to which no response is required. To the extent a response is required, DHS denies the allegations.

United States Immigration and Customs Enforcement

20.    ICE admits that on August 13, 2024, it acknowledged, by e-mail, receipt of one of Plaintiff's two FOIA requests dated August 7, 2024. ICE avers that the e-mail dated August 13, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

21.    ICE admits that on August 14, 2024, it acknowledged, by e-mail, receipt of one of Plaintiff's two FOIA requests dated August 7, 2024. ICE avers that the e-mail dated August 14, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

22.    ICE admits that it has not released any records in response to the two FOIA requests dated August 7, 2024, and otherwise denies the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 consist of legal conclusions to which no response is required. To the extent a response is required, ICE denies the allegations.

<u>United States Customs and Border Protection</u>

24.     CBP admits that it has not released any records in response to Plaintiff's August 7, 2024, FOIA request, and otherwise denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 consist of legal conclusions to which no response is required. To the extent a response is required, CBP denies the allegations.

<u>United States Department of Justice</u>

26.     DOJ admits that on August 28, 2024, it acknowledged, by letter sent via e-mail, receipt of Plaintiff's August 7, 2024, FOIA request. DOJ avers that the letter dated August 28, 2024, speaks for itself, refers the Court to that letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

27.     DOJ admits that it has not released any records in response to the August 7, 2024, FOIA request, and otherwise denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is required, DOJ denies the allegations.

**Statutory Requirements**

29.     The allegations in Paragraph 29 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of multiple legal cases. Defendants respectfully refer the Court to the three cited cases for a true and accurate statement of their contents.

30.     The allegations in Paragraph 30 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. Defendants respectfully refer the Court to the cited statute for a true and accurate statement of its contents.

31.     The allegations in Paragraph 31 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. Defendants respectfully refer the Court to the cited statute for a true and accurate statement of its contents.

32.     The allegations in Paragraph 32 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. Defendants respectfully refer the Court to the cited statute for a true and accurate statement of its contents.

33.     Defendants admit that more than 20 working days have passed since Plaintiff filed its August 7, 2024, FOIA requests and that more than 30 working days have passed since DHS, ICE, and DOJ invoked the 10-day extension, and otherwise deny the allegations in the first two sentences of Paragraph 33. The third sentence of Paragraph 33 consists of a legal conclusion to which no response is required.

34.     The allegations in Paragraph 34 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. Defendants respectfully refer the Court to the cited statute for a true and accurate statement of its contents.

35.     The allegations in Paragraph 35 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. Defendants respectfully refer the Court to the cited statute for a true and accurate statement of its contents.

**CLAIMS FOR RELIEF**

<u>**CLAIM I**</u>
**(Against All Defendants)**

**5 U.S.C. § 552(a)(6)(A)**
**Failure to Timely Respond to the Requests**

36.    Defendants incorporate by reference their responses to the above paragraphs.

37.    The allegations in Paragraph 37 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that they received Plaintiff's August 7, 2024, FOIA requests and otherwise deny the allegations.

38.    The allegations in Paragraph 38 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

39.    The allegations in Paragraph 39 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

40.    The allegations in Paragraph 40 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.    The allegations in Paragraph 41 consist of legal conclusions, to which no response is required, and purport to construe the contents of a statute. To the extent a response is required, Defendants deny the allegations, aver that the cited statute speaks for itself, refer the Court to the statute for a true and accurate statement of its contents, and deny any allegations inconsistent therewith.

## CLAIM II
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)–(D)**
**Failure to Make a Reasonable Effort to Search for and Promptly Release Records**

42.     Defendants incorporate by reference their responses to the above paragraphs.

43.     The allegations in Paragraph 43 consist of legal conclusions, to which no response is required. To the extent a response is required, each of the Defendants admits that it is an agency for purposes of FOIA and otherwise denies the allegations.

44.     The allegations in Paragraph 44 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

45.     The allegations in Paragraph 45 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## CLAIM III
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)–(D), (a)(8)(A), (b)**
**Failure to Promptly Release Non-Exempt Records**

46.     Defendants incorporate by reference their responses to the above paragraphs.

47.     The allegations in Paragraph 47 consist of legal conclusions, to which no response is required. To the extent a response is required, each of the Defendants admits that it is an agency for purposes of FOIA and otherwise denies the allegations.

48.     The allegations in Paragraph 48 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

49.     The allegations in Paragraph 49 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## CLAIM IV
**(Against All Defendants)**

**5 U.S.C. § 552(a)(6)(E)**
**Failure to Process Plaintiff's Requests Expeditiously and as Soon as Practicable**

50.     Defendants incorporate by reference their responses to the above paragraphs.

51.     The allegations in Paragraph 51 consist of legal conclusions, to which no response is required. To the extent a response is required, each of the Defendants admits that it is an agency for purposes of FOIA and otherwise denies the allegations.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 do not set forth a claim for relief or aver facts in support of a claim to which a response is required,

54.     The allegations in Paragraph 54 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## REQUESTED RELIEF

The paragraphs following the "Wherefore" clause constitute a prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief or any relief.

## AFFIRMATIVE AND OTHER DEFENSES

For their affirmative and other defenses, Defendants as follows:

### First Defense

The Complaint fails to state a claim for which relief can be granted, as Defendants have not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

<u>Second Defense</u>

Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

<u>Third Defense</u>

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

<u>Fourth Defense</u>

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

<u>Fifth Defense</u>

FOIA does not require Defendants to create new records, provide reasons for their actions, or explain the conduct of the agency.

<u>Sixth Defense</u>

One or multiple of Plaintiff's FOIA requests fail to reasonably describe the records sought and/or would be unduly burdensome to process.

Defendants may have additional defenses that are not known to them at this time, but that may be ascertained during litigation. Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, having fully answered the allegations in the Complaint and stated their defenses, respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated:    New York, New York
          November 12, 2024

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney
                              Southern District of New York
                              *Attorney for Defendants*

                    By:    */s/ Jessica F. Rosenbaum*
                           ALYSSA B. O'GALLAGHER
                           JESSICA F. ROSENBAUM
                           Assistant United States Attorneys
                           86 Chambers Street, Third Floor
                           New York, New York 10007
                           Tel.: (212) 637-2822/2777